## TEXAS NAT. SECURITIES CO. et al. v. CAMERON et ux.

### No. 2712.

Court of Civil Appeals of Texas. Beaumont.
June 30, 1934.

E. L. Nall and George Weller, both of Beaumont, for appellants.

P. A. Dowlen, of Beaumont, for appellees.

WALKER, Chief Justice.

This is an appeal by the Texas National Securities Company et al. from an injunction in favor of Will Cameron, et ux., issued in chambers by the judge of the Fifty-Eighth District Court of Jefferson county, under the provisions of Senate Bill No. 3, chapter 16, p. 42, General and Special Laws of the State of Texas, passed (by the 43d Legislature (1934) Second Called Session, popularly known as the Moratorium Law (Vernon's Ann. Civ. St. art. 3804 note). The petition of plaintiffs alleged facts sufficient to invoke in their favor the provisions of this act and to authorize the district judge to grant them the moratorium relief. The injunction was granted ex parte for the full period of the law upon the presentation by the plaintiffs of their petition to the district judge; that is, to remain in force and effect until the 1st day of February, 1935. The appeal was prosecuted from the order granting the injunction, without filing motion to dissolve.

■ Appellees' motion to dismiss the appeal because appellants failed to give notice of appeal in the lower court is overruled. Notice of appeal from an order in chambers granting a temporary injunction under the provisions of article 4642, R. S. 1925, is not necessary. See tenth note of Annotations, Vernon's Annotated Texas Statutes, article 4662.

Appellants attack the order granting the injunction upon the following propositions:

■ The first point is that the order granting the injunction was void because appellees were not required to execute a bond, as provided by the provisions of our statutes regulating the issuance of injunctions. As we construe the moratorium law, the district judge has jurisdiction to grant relief without requiring a bond.

■ We agree with appellants' second point that the injunction was void because granted without "a hearing on the petition" of plaintiffs, as provided by section 3 of the act (Vernon's Ann. Civ. St. art. 3804 note). The facts of this case directly invoke section 3, in that the injunction was granted to restrain "a threatened foreclosure of a Deed of Trust Lien that was outstanding prior to May 1, 1933." Under this section, upon the presentation to him of the petition, the discretion of the district judge is limited to granting "an order temporarily restraining the sale" for a period not exceeding ten days. Before extending the injunction beyond this ten-day period, in such cases, section 3 requires the district judge to set the petition for a hearing, and if, on such hearing, the evidence sustains the truth of the allegations of the petition, the judge has jurisdiction to grant an order restraining the sale for a reasonable time, not beyond February 1, 1935. A careful reading of the act shows clearly that the rights of the defendant in the property as to rents and revenues, the division of the rents and revenues, the payment of taxes, insurance, interest, etc., cannot be protected without the hearing provided for by section 3. As such a hearing was not had in this case, we think it conclusively follows that the order granting the injunction was erroneous.

The third point attacks the constitutionality of the moratorium law. In view of the

fact that the Supreme Court has set for submission in the early part of October cases involving the constitutionality of this legislation, we pretermit at this time a discussion of this issue.

It is therefore our judgment that the order granting the temporary injunction appealed from be, and the same is hereby, reversed, and this cause remanded to the lower court for further proceedings; however, without prejudice to the right of plaintiffs to present their petition again to the district judge for such orders as, in his discretion, he may make not in conflict with our construction of the moratorium law.

Reversed and remanded.